**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| CHRISTIAN FIROZ, ) | |
| ) | 4:06CV3281 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| KETV CHANNEL 7 and ) | |
| CAROL KLOSS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Motion to Appoint Counsel filed by the plaintiff, Christian Firoz (Filing No. 14). Unlike criminal prosecutions, the court cannot routinely appoint counsel in civil cases. In this litigation, as in ***Phillips v. Jasper County Jail***, 437 F.3d 791, 793 (8th Cir. 2006), the record has not been sufficiently developed to determine whether appointment of counsel is justified. "There is no constitutional or statutory right to appointed counsel in civil cases . . . . Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court '*may*' appoint counsel." ***Id.*** at 794 (emphasis in original, citations omitted). In ***Davis v. Scott***, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained: "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." (Citations omitted.)

In addition, at this time, appointment of an attorney would be premature. The defendants have challenged the existence of subject matter jurisdiction in this case, and the plaintiff has not yet responded to that issue. A federal district court must determine whether subject matter jurisdiction exists at any time the question arises while the case is pending. Fed. R. Civ. P. 12(h)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Subject matter jurisdiction is a very serious concern in the United States courts because the federal district courts are courts of "limited jurisdiction," unlike

the state district courts, which are courts of "general jurisdiction."   In Filing No. 13, the court gave the plaintiff 33 days from the entry of that Order on January 17, 2007 to respond to the defendants' Motion to Dismiss.  The deadline expired on February 19, 2007.  On the assumption that the plaintiff believed, albeit erroneously, that his Motion to Appoint Counsel somehow tolled the 33 days, the court will extend the deadline for a response until March 26, 2007.  Absent a timely and sufficient response by the plaintiff, however, this case will be subject to dismissal, without prejudice, for lack of subject matter jurisdiction.

**IT IS ORDERED:**

1.   The plaintiff's Motion to Appoint Counsel (Filing No. 14) is denied.

2.   The plaintiff shall have an extension of time until **March 26, 2007**, to respond to the defendants' Motion to Dismiss.

3.   In the absence of a timely and sufficient response by the plaintiff to the defendants' Motion to Dismiss, this case will be subject, without further notice, to dismissal, without prejudice, for lack of subject matter jurisdiction.

DATED this 7th day of March, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge